**UNITED STATES of America,**
**Plaintiff,**

**v.**

**STATE OF WISCONSIN et al.,**
**Defendants.**

**No. 74–C–3.**

United States District Court,
W. D. Wisconsin.

June 11, 1975.

David C. Mebane, U. S. Atty., Dept. of Justice, Madison, Wis., and Robert N. Eccles, Atty. Housing Section, Civ. Rights Div., Dept. of Justice, Washington, D. C., for plaintiff.

Bronson C. LaFollette, Atty. Gen., State of Wisconsin Dept. of Justice by Charles D. Hoornstra, Asst. Atty. Gen., Madison, Wis., for defendants.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

This is an action for declaratory and injunctive relief brought by the United States pursuant to the Fair Housing Act of 1968, 42 U.S.C. § 3601 *et seq.* Jurisdiction is alleged under 28 U.S.C. §§ 1345 and 2201 and 42 U.S.C. § 3613. The complaint alleges that Wis.Stat. § 101.22(4m) conflicts with the Fair Housing Act and is therefore invalid under the supremacy clause of Article VI of the United States Constitution. Presently before me is plaintiff's motion for summary judgment.

For the purpose of plaintiff's motion for summary judgment and for no other purpose I find there is no genuine issue of material fact as to the propositions set forth below under the heading "Facts."

### Facts

Wis.Stat. § 101.22(4m) provides in pertinent part as follows:

*Testing prohibited.* It is unlawful for any person not having any bona fide intention to avail himself of any rights under this section to solicit offers, to buy or lease from property owners or lessees or their agents, to demand the services or facilities of any place of public accommodation, to demand facilities or to demand any employment for the sole purpose of securing evidence of a discriminatory practice.

Wis.Stat. § 101.22(6) provides a penalty of from $10.00 to $200.00 for violation of the anti-testing provision.

The defendants Philip Lerman, John Zinos, and William A. Johnson are Commissioners of the Wisconsin Department of Industry, Labor and Human Relations. Defendant Robert Tyler is the Administrator of that Department's Equal Rights Division. The Department, through the Equal Rights Division, is charged with enforcing the Wisconsin open housing statute, which includes § 101.22(4m).

Section 101.22(4m) makes it difficult or impossible for persons seeking housing without discrimination based on race, color, religion or national origin to determine whether unlawful discrimination has been practiced against them, and chills the exercise of the right to equal housing opportunity.

### Opinion

Jurisdiction is present. 28 U.S.C. § 1345.

Section 813 of the Fair Housing Act, 42 U.S.C. § 3613 provides in pertinent part:

Whenever the Attorney General has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights granted by this subchapter, or that any group of persons has been denied any of the rights granted by this subchapter and such denial raises an issue of general public importance, he may bring a civil action in any appropriate United States district court . . . . .

Because it is undisputed that the challenged section of the Wisconsin Statutes makes it difficult or impossible for persons to determine whether discrimination has been practiced against them, and chills the right to equal housing opportunity, it is plain that the Attorney General of the United States had reasonable cause to believe that a group of persons had been denied a right granted by the Fair Housing Act of 1968, and that such denial raises an issue of public im-

**734**

portance. He therefore has standing to bring this action.

Plaintiff contends that Wis.Stat. § 101.22(4m) is in conflict with sections 804(a) and 817 of the Fair Housing Act, 42 U.S.C. §§ 3604(a) and 3617, and therefore is invalid by virtue of Article VI, cl. 2 of the United States Constitution.[1]

■ Congress has itself determined some aspects of the relationship between the Fair Housing Act and state laws related to housing practices. Section 815 of the Act, 42 U.S.C. § 3615, provides:

> Nothing in this subchapter shall be construed to invalidate or limit any law of a State or political subdivision of a State, or of any other jurisdiction in which this subchapter shall be effective, that grants, guarantees, or protects the same rights as are granted by this subchapter; but any law of a State, a political subdivision, or other such jurisdiction that purports to require or permit any action that would be a discriminatory housing practice under this subchapter shall to that extent be invalid.

When a state statute is within the language of the first clause of § 3615, I cannot find it to be in conflict with the Act. When the statute falls within the second clause, I cannot find it to be compatible with the Act. However, I consider that when a state statute cannot fairly be considered to be within either clause of § 3615, I must make an independent determination as to whether there is a conflict between the Act and the state law. This determination requires me to consider whether the state

regulation stands as "an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Hines v. Davidowitz,* 312 U.S. 52, at p. 67, 61 S.Ct. 399, at p. 404, 85 L.Ed. 581 (1941); *Florida Avocado Growers v. Paul,* 373 U.S. 132, 83 S.Ct. 1210, 10 L. Ed.2d 248 (1963).

■ It may be, as plaintiff has argued, that making it more difficult for persons to detect discrimination is itself a discriminatory housing practice under the Act, and that Wis.Stat. § 101.-22(4m) is within the second clause of § 3615 in that it requires or permits the State to engage in that practice.[2] However, I need not here consider this argument since I conclude that even if Wis. Stat. § 101.22(4m) is not specifically invalidated by the second clause of § 3615, it nonetheless conflicts with the general scheme of the Fair Housing Act and therefore is invalid under the Supremacy Clause of Article VI of the United States Constitution.

Because it is undisputed that Wis. Stat. § 101.22(4m) chills the exercise of the right to equal housing opportunity, the statute must be viewed as an obstacle to the accomplishment of the principal objective of Congress in passing the Fair Housing Act, that is, to provide fair housing throughout the United States. 42 U.S.C. § 3601.

Accordingly, I conclude that Wis.Stat. § 101.22(4m) is rendered invalid insofar as it purports to prohibit testing for the purpose of securing evidence of a discriminatory housing practice in the sale or leasing of dwellings.

---

1. "This Constitution and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." Article VI, Cl. 2, United States Constitution.

2. The "discriminatory housing practices" referred to in § 3615 are defined in § 3603 to

include acts unlawful under § 3604, which provides in pertinent part:

[I]t shall be unlawful—

(a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, or national origin.